Kathleen **RENAUD**, Plaintiff,

v.

Charles **ATKINS**, Defendant and Third-Party Plaintiff,

v.

Margaret M. **HECKLER**, Third-Party Defendant.

Joanne **ESPOSITO**, Plaintiff,

v.

Charles **ATKINS**, Defendant and Third-Party Plaintiff,

v.

Margaret M. **HECKLER**, Third-Party Defendant.

Sandra **BARBOZA**, Plaintiff,

v.

Charles **ATKINS**, Defendant and Third-Party Plaintiff,

v.

Margaret M. **HECKLER**, Third-Party Defendant.

Sharon **NELSON**, Plaintiff,

v.

Charles **ATKINS**, Defendant and Third-Party Plaintiff,

v.

Margaret M. **HECKLER**, Third-Party Defendant.

**Civ. A. Nos. 84–0003–C, 84–0038–C, 84–0045–C and 84–0737–C.**

United States District Court, D. Massachusetts.

Sept. 7, 1984.

---

Arminda Rodriquez de Limes, Brighton, Mass., John J. Craven, Elizabeth A. Silver, Southeastern Mass. Legal Assistance Corp., New Bedford, Mass., T. Richard McIntosh, Hyannis, Mass., Carol Wagner, Greater Boston Legal Services, Boston, Mass., for plaintiff.

Evan Slavitt, Asst. U.S. Atty., Boston, Mass., for third-party defendant Heckler.

Susan E. Regine, Dept. of Public Welfare, Legal Division, John P. Graceffa, Asst. Atty. Gen., H. Reed Witherby, Asst. Atty. Gen., William L. Pardee, Asst. Atty. Gen., Government Bureau, Boston, Mass., for defendant and third-party plaintiff Atkins.

## MEMORANDUM AND ORDER

CAFFREY, Chief Judge.

These four civil actions originated in state court, where initially plaintiffs sought judicial review of final administrative decisions by the Massachusetts Department of Public Welfare ("DPW") terminating benefits for plaintiffs and their minor children under the Aid to Families with Dependent Children Program ("AFDC"). Plaintiffs allege that the terminations violate state and federal law. The defendant is Charles Atkins, Commissioner of DPW. The third party defendant is Margaret Heckler, Secretary of the United States Department of Health and Human Services (HHS).

Plaintiffs challenge DPW Regulation 106 C.M.R. 303.230, which provides that a child is not considered to be living with a relative, and thus eligible for AFDC benefits, "if the relative does not have physical possession of the child." According to the Commissioner, DPW promulgated the regulation in order to comply with federal regulations as construed by HHS. Thus, he reasons, if the state courts order DPW to restore AFDC benefits to relatives who do not have physical possession of otherwise eligible children, HHS will pay no part of the benefits, and the state will have to assume the cost of those benefits by itself.

In an attempt to avoid that result, the Commissioner then filed third-party complaints in each of the state court actions, naming as defendant Margaret Heckler, Secretary of HHS. The third-party complaints ask that, if the state courts should rule that DPW's regulation either violates federal law or is unconstitutional, they should likewise declare that the applicable HHS regulations, as applied by the Secretary, violate federal law or are unconstitutional.

The Secretary removed the entire case to this Court pursuant to 28 U.S.C. §§ 1441 and 1442. This Court is without jurisdiction, however, to grant the injunctive relief plaintiffs seek against the Commissioner under state law. *Pennhurst State School*

**640**

& *Hospital v. Halderman,* —— U.S. ——, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). Accordingly, I rule that plaintiffs' state law claims against the Commissioner should be severed and should be, and hereby are, remanded to the state courts in which they originated, for a determination only of whether the DPW regulation requiring termination of plaintiffs' benefits violates state law.

If the state courts find that the DPW regulation violates state law, no issues of federal law will remain to be decided by this Court under either the original complaints or the third-party complaints. For that reason, I rule that any further proceedings in this Court should be, and hereby are, stayed pending decisions by the state courts on plaintiffs' state law claims.